IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RESIDENT PHYSICIANS | ) | |
| ANTITRUST LITIGATION | ) | |
| | ) | Civil Action No. 02-0873 (PLF) |
| | ) | |
| This Document Relates To: | ) | |
| | ) | |
| All Actions | ) | |
| | ) | |

**MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING VARIOUS DEFENDANTS' MOTIONS TO DISMISS THE COMPLAINT PURSUANT TO FED R. CIV P. 12(b)(2)**

Pursuant to Rule 54(b) and based on a recent congressional enactment, the Moving Defendants respectfully request that the Court reconsider its Order of February 11, 2004 insofar as it denied their motions to dismiss the complaint pursuant to Rule 12(b)(2). The Moving Defendants currently have a motion for certification pursuant to Section 1292(b) pending before this Court. The recent enactment of Public Law 108-218, however, is a new development that provides grounds for reconsideration.[1]

---

[1] The Moving Defendants are Barnes-Jewish Hospital, Baylor College of Medicine, Beth Israel Deaconess Medical Center, Boston Medical Center, Cedars-Sinai Medical Center, Cleveland Clinic Foundation, Emory University, Rhode Island Hospital, Rush-Presbyterian-St. Luke's Medical Center (n/k/a Rush University Medical Center), Saint Louis University, Stanford Hospital & Clinics, Thomas Jefferson University Hospital, Administrators of the Tulane Educational Fund, University Hospitals of Cleveland, and Yale-New Haven Hospital.

These defendants have also joined in and fully endorse the motion for judgment on the pleadings, filed April 27, 2004. The Moving Defendants have filed this motion as a protective matter to preserve the jurisdictional issue, which would become moot should the Court grant the motion for judgment on the pleadings.

## BACKGROUND

On February 11, 2004, the Court issued an Order that, *inter alia*, denied the Moving Defendants' motions to dismiss for lack of personal jurisdiction. The Court found jurisdiction over the Moving Defendants under the "conspiracy theory" of personal jurisdiction. Slip Op. at 30-34. The Court stated that under this theory, plaintiffs had to allege "(1) the existence of a conspiracy; (2) the nonresident's participation in or agreement to join the conspiracy; and (3) an overt act taken in furtherance of the conspiracy within the forum's boundaries." *Id.* at 31. Applying this three-part test, the Court held that "plaintiffs have adequately alleged a conspiracy to depress resident compensation between, *inter alia*, those institutional defendants that participated in the Match and the NRMP." *Id.* at 33. As those institutional defendants admitted participation in the NRMP Match, which the Court found occurred in the District, the Court held that plaintiffs had satisfied the requirements for conspiracy jurisdiction. *Id.* at 33-34.

On April 10, 2004, President Bush signed into law the Pension Funding Equity Act of 2004, P.L. 108-218. Section 207 of that statute, entitled "Confirmation of Antitrust Status of Graduate Medical Resident Matching Programs," is directly applicable to the present litigation. Section 207(b) of the statute provides the controlling language for the purposes of the present motion: "It shall not be unlawful under the antitrust laws to sponsor, conduct, or participate in a graduate medical education residency matching program, or to agree to sponsor, conduct, or participate in such a program." § 207(b). Section 207(b) further provides: "Evidence of any of the conduct described in the preceding sentence shall not be admissible in Federal court to support any claim or action alleging a violation of the antitrust laws."

In addition, Section 207(c) explicitly provides that Section 207 should apply both to pending and future lawsuits: "This section shall take effect on the date of enactment of this

Act, shall apply to conduct whether it occurs prior to, on, or after such date of enactment, and *shall apply to all judicial and administrative actions or other proceedings pending on such date of enactment*." (Emphasis added.)

## ARGUMENT

This Court may reconsider its previous denial of the Moving Defendants' motions to dismiss for lack of personal jurisdiction. Under Fed. R. Civ. P. 54(b), a court may revise its previous interlocutory orders at any time prior to final judgment. *See* Fed. R. Civ. P. 54(b); *M.K. v. Tenet*, 196 F. Supp. 2d 8, 12 (D.D.C. 2001). A denial of a motion to dismiss pursuant to Rule 12(b)(2) qualifies as such an interlocutory order. *See M.K.*, 196 F. Supp. 2d at 12. Furthermore, even if the Court's prior order is considered a judgment subject to discretionary review under Rule 59(e), a motion for reconsideration is appropriate where, as here, an intervening change in the governing law has occurred. *See, e.g., Piper v. U.S. Dept. of Justice*, 2004 WL 764587 (D.D.C. March 26, 2004). Accordingly, in light of the enactment of Section 207 and the procedural posture of this case, the Court may reconsider its prior order.

Section 207 eliminates the legal basis for the Court's assertion of jurisdiction over the Moving Defendants. The Court determined that none of the Moving Defendants had contacts with the forum sufficient to provide a basis for direct jurisdiction. Slip Op. at 7-29. Instead, the Court predicated jurisdiction solely upon an indirect, derivative theory of jurisdiction known as "conspiracy jurisdiction" (Slip Op. at 30-34), which requires that plaintiffs show the existence of a conspiracy and that the Moving Defendants knowingly participated in the conspiracy. *See* Slip Op. at 31; *Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 425 (D.C. Cir. 1991). In ruling that these requirements were satisfied, the Court held that plaintiffs had adequately alleged a conspiracy involving some, though not all, of the institutional defendants moving to dismiss on jurisdictional grounds -- with the linchpin of the alleged conspiracy being

3

participation in the Match.  Reflecting the essential role of the Match allegations to the alleged conspiracy, the Court held that the only institutional defendants as to which a claim had been properly pled were those which conceded participation in the Match.  *See id.* at 33 ("plaintiffs have adequately alleged a conspiracy to depress resident compensation between, *inter alia*, ***those institutional defendants that participated in the Match and the NRMP***.") (emphasis added); *id.* at 70 ("the Court concludes that plaintiffs adequately have alleged a common agreement to displace competition . . . among a number of the named organizational defendants and ***those institutions which participated in the Match Program***.") (emphasis added); *id.* at 33-34 ("The Court concludes that the fifteen moving institutional defendants ***who themselves acknowledge that they took part in the Match Program*** are subject to the jurisdiction of this Court under the conspiracy theory of jurisdiction.") (emphasis added).

        Section 207 renders plaintiffs' allegations of participation in the purported conspiracy inadequate as a matter of law.  If participation in the Match does not violate the antitrust laws and is inadmissible as evidence in any action alleging an antitrust violation, then participation in the Match does not constitute participation in a conspiracy.  Indeed, the Court's very definition of the alleged "conspiracy" as one involving "a common agreement to displace competition . . . among a number of the named organizational defendants and ***those institutions which participated in the Match Program"*** is now untenable in light of the enactment of Section 207.  Thus, the basis for the "conspiracy theory" of jurisdiction no longer exists.  The Court therefore lacks personal jurisdiction over the Moving Defendants.

**CONCLUSION**

For the foregoing reasons, the Moving Defendants request the Court reconsider its Order of February 11, 2004 and grant their motions to dismiss for lack of personal jurisdiction.

Respectfully submitted,

| | |
|---|---|
| | /s/ Derek Ludwin |
| David B. Hamilton | Gregg H. Levy  (D.C. Bar No. 941161) |
| Ober, Kaler, Grimes & Shriver | John E. Hall (D.C. Bar No. 415364) |
| A PROFESSIONAL CORPORATION | Derek Ludwin (D.C. Bar No. 474262) |
| 120 E. Baltimore Street | Brent F. Powell (D.C. Bar No. 480135) |
| Baltimore, Maryland 21202-1643 | COVINGTON & BURLING |
| | 1201 Pennsylvania Avenue, N.W. |
| John J. Miles | Washington, DC  20004 |
| Ober, Kaler, Grimes & Shriver | Phone: (202) 662-6000 |
| A PROFESSIONAL CORPORATION | Fax:    (202) 662-6291 |
| 1401 H Street, N.W., 5th Floor | |
| Washington, D.C. 20005-3324 | *Counsel for Barnes-Jewish Hospital, Emory University, Stanford Hospital & Clinics, and the Administrators of the Tulane Educational Fund.* |
| *Counsel for Beth Israel Deaconess Medical Center, Boston Medical Center, Rhode Island Hospital, Thomas Jefferson University Hospital, and Yale-New Haven Hospital* | |
| E. Marcellus Williamson | John D. Taurman |
| Stephen J. Spiegelhalter | VINSON & ELKINS, L.L.P. |
| LATHAM & WATKINS | The Willard Office Building |
| 555 Eleventh Street, Suite 1000 | 1455 Pennsylvania Ave., NW |
| Washington, D.C. 20004 | Washington, DC  20004 |
| J. Thomas Rosch | *Counsel for Baylor College of Medicine* |
| LATHAM & WATKINS | |
| 505 Montgomery Street, Suite 1900 | Christopher H. Gordon |
| San Francisco, CA 94111 | SQUIRE, SANDERS & DEMPSEY, LLP |
| | 1201 Pennsylvania Avenue, N.W. |
| *Counsel for Cedars-Sinai Medical Center* | P.O. Box 407 |
| | Washington, DC  20044-0407 |
| | *Counsel for the Cleveland Clinic Foundation* |

5

| | |
|---|---|
| Adrian Wager-Zito<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, DC  20001-2113<br><br>*Counsel for University Hospitals of Cleveland, Inc.*<br><br>Amy L. Bess<br>SONNENSCHEIN NATH & ROSENTHAL LLP<br>1301 K St., NW<br>Suite 600, East Tower<br>Washington, DC  20005<br><br>Gary Senner<br>Sanford M. Pastroff<br>Robert T. Bernat<br>SONNENSCHEIN NATH & ROSENTHAL LLP<br>8000 Sears Tower<br>Chicago, IL  60606<br><br>*Counsel for Rush-Presbyterian-St. Luke's Medical Center (n/k/a Rush University Medical Center)* | Glenn E. Davis<br>ARMSTRONG TEASDALE LLP<br>One Metropolitan Square - 2600<br>St. Louis, MO  63102<br><br>*Counsel for Saint Louis University* |

April 28, 2004

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 28th of April, 2004, a copy of the foregoing Motion For Reconsideration of the Court's Order Denying Various Defendants' Motions To Dismiss the Complaint Pursuant to Fed R. Civ P. 12(B)(2) was sent via first-class mail, postage pre-paid, to:

>Michael D. Hausfeld
>Cohen, Milstein, Hausfeld & Toll PLLC
>1100 New York Ave., N.W.
>West Tower, Suite 500
>Washington, DC  20005
>
>Attorney for Plaintiffs

And via electronic transmission to:

>Michael J. Freed
>Much, Shelist, Freed, Denenberg, Ament, Bell & Rubenstein, P.C.
>200 North LaSalle St., Suite 2100
>Chicago, IL  60601-1095
>
>Sherman Marek
>Law Office of Sherman Marek
>1120 North LaSalle Dr.
>Chicago, IL  60610
>
>Deborah Bornstein
>Williams Montgomery & John Ltd.
>20 North Wacker Dr., Suite 2100
>Chicago, IL 60606
>
>Attorneys for Plaintiffs

Counsel for other defendants are being notified by an electronic posting.

>/s/ Brent Powell
>Brent Powell