UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                          )
PAUL JUNG, M.D., <u>et al</u>.,                          )
                                                          )
              Plaintiffs,                                 )
                                                          )
      v.                                                  )          Civil Action No. 02-0873 (PLF)
                                                          )
ASSOCIATION OF AMERICAN                                   )
      MEDICAL COLLEGES, <u>et al</u>.,                    )
                                                          )
              Defendants.                                 )
_____)


<u>MEMORANDUM OPINION AND ORDER</u>

On August 12, 2004, this Court entered judgment for the fourteen defendants who

had filed answers and dismissed plaintiffs' claims against the remaining fifteen movants pursuant

to Rule 12(b)(6).  This ruling was in response to the recent enactment by Congress and

subsequent signing into law by President George W. Bush of the Pension Funding Equity Act of

2004, Pub. L. No. 108-218, 118 Stat. 596 (2004), which includes a provision entitled

"Confirmation of Antitrust Status of Graduate Medical Resident Matching Programs," an

amendment to the antitrust laws that has been codified as 15 U.S.C. § 37b ("Match legislation").

<u>See</u> <u>Jung v. Association of American Medical Colleges</u>, 339 F. Supp. 2d 26 (D.D.C. 2004).

Plaintiffs have filed a motion under Rule 59(e) of the Federal Rules of Civil

Procedure requesting that the Court "alter or amend its judgment to render the dismissal of

plaintiffs' complaint without prejudice and non-final in order to permit the plaintiffs to file an

amended complaint asserting antitrust claims based on defendants' activities other than the

Match, including the defendants' information exchanges and wage-restrictive accreditation rules, policies and procedures." <u>See</u> Plaintiffs' Rule 59(e) Motion to Alter or Amend the Judgment and Rule 15(a) Motion for Leave to Amend Their Complaint ("Mot.") at 1.  Upon consideration of plaintiffs' motion, defendants' opposition, plaintiffs' reply, defendants' surreply and plaintiffs' sur-surreply, the Court concludes that plaintiffs' motion should be denied.

        "[O]nce a final judgment has been entered, a court cannot permit an amendment [of the complaint under Rule 15(a) of the Federal Rules of Civil Procedure] unless the plaintiff 'first satisfies Rule 59(e)'s more stringent standard' for setting aside that judgment.'" <u>Ciralsky v. CIA</u>, 355 F. 3d 661, 673 (D.C. Cir. 2004) (quoting <u>Firestone v. Firestone</u>, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  Rule 59(e) motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances."  <u>Niedermeier v. Office of Max S. Baucus</u>, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).  "A motion to alter or amend a judgment under Rule 59(e) . . . will not be granted unless there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" <u>Koch v. McPhie</u>, Civil Action No. 01-0875, 2004 U.S. Dist. LEXIS 14315, *1-2 (D.D.C. July 1, 2004) (quoting <u>Firestone v. Firestone</u>, 76 F.3d at 1208).  "Rule 59(e) motions 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  <u>Niedermeier v. Office of Max S. Baucus</u>, 153 F. Supp. 2d at 28 (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2810.1 (2d ed. 1995)).

        Defendants argue that "[p]laintiffs do not suggest that the Court committed 'clear error' in entering judgment against them, that new evidence became available after judgment was

entered, or that a change in controlling law warrants reconsideration of the Court's conclusions." See Defendants' Opposition to Plaintiffs' Rule 59(e) Motion to Alter or Amend Judgment and Rule 15(a) Motion for Leave to File Amended Complaint ("Opp.") at 2.  Plaintiffs' reply clarifies their position that the Rule 59(e) motion should be granted because (a) the Match legislation was a change in controlling law, and (b) plaintiffs will suffer "manifest injustice" if the motion for reconsideration is not granted.[1]

Although the Court agrees with plaintiffs that the Match legislation is a "change in controlling law," that change took place in April of 2004, several months before the Court issued its August 2004 Opinion entering judgment for certain defendants and dismissing the case with respect to the remainder.  Plaintiffs had both the time and the opportunity to request leave to amend their complaint prior to the Court's entry of judgment, but chose not to.  "It is well established that plaintiff[s] cannot resuscitate [their] case post-dismissal by [filing a Rule 59(e) motion] alleging facts or legal theories that were available to [them] at the inception of the case," or "that could have been raised prior to the entry of judgment."  Niedermeier v. Office of Max S. Baucus, 153 F. Supp. 2d at 28.  Likewise, plaintiffs' claim of "manifest injustice" fails to meet the burden required under Rule 59(e).  Plaintiffs were well aware of the Match legislation and of the bases for defendants' motion for judgment on the pleadings before entry of judgment and cannot now claim that an adverse ruling resulting from the grant of defendants' motion based on that legislation worked a manifest injustice on them.  Because the Court concludes that plaintiffs

---

[1]      Defendants also argue that plaintiffs' motion should be denied because plaintiffs withdrew their original argument in their reply and put forward two new arguments instead. Defendants therefore maintain that plaintiffs' arguments are untimely under Rule 59(e).  Because the Court finds plaintiffs' arguments unpersuasive, there is no reason to decide this question.

have not satisfied the stringent standard for relief under Rule 59(e), plaintiffs' motion to alter or amend the judgment must be denied.  Plaintiffs' motion to amend their complaint therefore is moot.  See Ciralsky v. CIA, 355 F. 3d at 673.

Even if the Court had found that plaintiffs satisfied the heavy burden for relief under Rule 59(e), the Court still would have denied plaintiffs' motion to amend their complaint. Plaintiffs correctly point out that leave to file an amended complaint should be "freely given when justice so requires."  Mot. at 4 (quoting FED. R. CIV. P. 15(a)).  The Court, however, may deny leave if the party opposing the motion can provide a good reason why the amendment should not be allowed, including the clear futility of permitting the amendment.  See Foman v. Davis, 371 U.S. 178, 182 (1962); Willoughby v. Potomac Electric Power Co., 100 F.3d 999, 1003 (D.C. Cir. 1996).  An amendment is futile if it would not survive a motion to dismiss or for judgment on the pleadings.  See Willoughby v. Potomac Electric Power Co., 100 F.3d at 1003; Stith v. Chadbourne & Parke, LLP, 160 F. Supp. 2d 1, 6 (D.D.C. 2001).

Contrary to plaintiffs' assertion, the Match was an essential and integral part of this Court's February 11, 2004 ruling and of plaintiffs' claims.  This Court already has stated that plaintiffs' current position that they can maintain a price-fixing conspiracy even without the Match-related allegations "is inconsistent with plaintiffs' own previous position as set forth in their earlier filings" and with this Court's decision.  See Jung v. Association of American Medical Colleges, 339 F. Supp. 2d at 38.  As the Court noted then, plaintiffs themselves argued in their consolidated brief opposing defendants' motion to dismiss and to compel arbitration that "the anticompetitive conduct related to the match necessarily interrelates with the other anticompetitive conduct alleged."  Id.  The Court concluded in August 2004 that

-4-

the allegations concerning the Match and the institutional
defendants' participation in the Match are so interdependent that
the Court cannot separate them from the remaining allegations.
Because Congress has prevented this or any other Federal court
from considering evidence of Match-related conduct, the Court
necessarily concludes that plaintiffs' complaint must be dismissed
under 15 U.S.C. § 37b(b)(2).

Id. at 39.  The proffered amended complaint cannot save plaintiffs from this analysis and the

actions of Congress.

Moreover, as defendants point out, if plaintiffs were permitted, by amending their

complaint, to "remove[] the unifying element of the Match, what is left is a sprawling,

1000-institution conspiracy," which would present significant problems "in terms of issues of

personal jurisdiction, class certification, liability, impact and damages."  Opp. at 10.  This is most

certainly true in the context of personal jurisdiction.  In its February 11, 2004 Opinion, this Court

found the sole basis for personal jurisdiction to be long-arm jurisdiction based on a specific

conspiracy, namely "a conspiracy to depress resident compensation between, *inter alia*, those

institutional defendants that have participated in the Match and the [National Resident Matching

Program]."  Jung v. Association of American Medical Colleges, 300 F. Supp. 2d 119, 142

(D.D.C. 2004).  Plaintiffs now seek to argue that they can establish a conspiracy absent any

evidence of Match-related activity, the very activity on which the Court relied to find that

conspiracy jurisdiction existed.  The Court finds such an argument to be meritless, both with

respect to the conspiracy claim and conspiracy as the basis for personal jurisdiction.  Thus, to

permit the amendment of the complaint would be a futile action, inasmuch as a renewed motion

to dismiss or for judgment on the pleadings would necessarily be granted.

For the foregoing reasons, it is hereby

ORDERED that plaintiffs' Rule 59(e) Motion to Alter or Amend the Judgment and Rule 15(a) Motion for Leave to Amend Their Complaint [282] is DENIED.

SO ORDERED.


_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 25, 2005